UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                            Criminal No. 20-cr-61-JD
                                                    Opinion No. 2020 DNH 202

<u>Jared Stottlar</u>

## O R D E R

Pursuant to Federal Rule of Criminal Procedure 15, defendant Jared Stottlar moves for leave to depose Sergeant Justin R. Howe of the Sanbornton Police Department (doc. no. 31). The government objects.

## Background

Stottlar is charged with two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He has pleaded not guilty to the charges.

## Discussion

Stottlar contends that he needs to depose Sergeant Howe in order to "present his case including any pretrial motions, possibly including motions to suppress which may be dispositive . . . ." Doc. 31 ¶ 6. He argues that Sergeant Howe's

deposition testimony is necessary to "clear up confusion and uncertainty" about a stop and search in which Sergeant Howe was involved. Id. ¶ 10.

The government objects to Stottlar's request to depose Sergeant Howe. The government argues that Stottlar has not shown that the "exceptional circumstances" required for the court to authorize a deposition of Sergeant Howe under Rule 15 exist. Stottlar did not file a reply.

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a). Rule 15 is not intended "to provide a method of pretrial discovery . . . ." Fed. R. Crim. P. 15, Notes of the Advisory Committee on the 1974 Amendment. Rather, the "principal objective" of Rule 15 "is the preservation of evidence for use at trial." Id. "Allowing depositions too freely would create the risks that parties would seek to use depositions as a discovery device in criminal cases." United States v. Mann, 590 F.2d 361, 365 (1st Cir. 1978).

Stottlar has not shown that his request to depose Sergeant Howe is within the scope of Rule 15. Stottlar does not show that an exceptional circumstance exists which justifies the deposition, such as a likelihood that Sergeant Howe will be unavailable for trial. E.g., United States v. Keithan, 751 F.2d

9, 12 (1st Cir. 1984) (holding that witnesses' physical infirmities that prevented them from leaving their home far from the courthouse qualified as "exceptional circumstances"); United States v. Bunnell, 201 F. Supp. 2d 169, 171 (D. Me. 2002) (finding that witness was likely to be unavailable for trial because of "degenerative and debilitating brain disorder").

Rather, the purpose of the proposed deposition is to obtain discovery for motions practice.  See doc. 31 ¶¶ 6, 8.  That purpose, however, does not fall within the bounds of Rule 15. See United States v. Poulin, 592 F. Supp. 2d 137, 145 (D. Me. 2008) (rejecting defendant's motion to depose a witness under Rule 15 because proposed deposition was for purpose of obtaining "information with which he plans to demonstrate that the Government's evidence is faulty").

## Conclusion

For the foregoing reasons, Stottlar's motion to depose Sergeant Howe (doc. no. 31) is denied.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

November 19, 2020

cc:   Counsel of Record.