UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                      Criminal No. 20-cr-061-LM
                                                          Opinion No. 2022 DNH 044 P

<u>Jared Stottlar</u>

## **O R D E R**

Before the court is defendant Jared Stottlar's motion for discovery (doc. no. 77). The government objects.

In his motion, Stottlar requests four categories of information:

1. Information relating to a news article describing how a suspended Belknap County officer urged the Sheriff to start an internal investigation into Detective Nathaniel Buffington;

2. Copies of Detective Buffington's testimony at any trial, pre-trial hearings, or grand jury proceeding;

3. Unredacted statements from cooperating witnesses;

4. Any information affecting the potential sentence of cooperating witnesses including evidence as to the scope and history regarding their criminal activity.

For the reasons that follow, the court grants in part and denies in part Stottlar's motion for discovery.

1.     <u>Strafford County Investigative File</u>

Stottlar's first request relates to Nathanial Buffington, a detective with the Tilton Police Department whom the government intends to call at trial. As part of discovery, the government turned over to Stottlar a news article that reported that

another officer (a suspended Belknap County officer) urged the Sheriff to start an internal investigation into Buffington.¹  In response, Stottlar requested "any information" related to the Belknap County officer's complaint.  Doc. no. 78-1 at 3.  The government then obtained and disclosed to Stottlar a letter from the Strafford County Sheriff's Office stating that an internal investigation revealed "no wrong doing on the part of Lt. Nate Buffington of the Tilton Police Department."  Doc. no. 78 at 4.

The government proffers that it has also reviewed the investigative file itself at the Strafford County Sheriff's Office.  The government asserts that—consistent with the letter—nothing in the file indicated any wrongdoing by Buffington.

The government contends that it need not provide the investigative file about Buffington to Stottlar given the letter finding no wrongdoing.  In support, it cites United States v. Bulger, 816 F.3d 137, 151-55 (1st Cir. 2016), for the proposition that "where allegations of misconduct are found to be false, those materials are not Brady materials."  Doc. no. 78 at 6.  The government overstates Bulger's holding.  In Bulger, the contested documents were an anonymous letter and an investigative report relating to potential misconduct by a State Police trooper.  Id. at 152.  The district court judge reviewed the documents in camera and ruled that the government was not required to turn over the materials in part because the allegations were determined not to be just unsubstantiated, but "false and not

---

¹ See https://www.laconiadailysun.com/news/courts_cops/suspended-deputy-allegesretaliation-harassment/article_9e403236-99ce-11ea-9289-ffd02278fb42.html (last visited March 25, 2022).

factual." Id. at 154.  The First Circuit held that the district court did not abuse its discretion, but specifically stated that its holding was "limited to the facts of [that] case." Id. at 155.  The First Circuit went on to state that "[t]o be clear, our conclusion today by no means suggests that the government can sidestep its Brady obligations simply by conducting its own investigation and determining that potentially discoverable allegations are unsubstantiated." Id.  Important to the First Circuit in affirming the decision in Bulger were (1) the fact that the district court judge had reviewed the contested materials in camera, and (2) that the allegations were determined to be not just unsubstantiated, but false.

In contrast, in Stottlar's case, we know only that the internal investigation found "no wrong doing on the part of Det. Buffington." Doc. no. 78-1 at 2.  It remains unclear whether the allegations were determined to be false, or just unsubstantiated.  Thus, the court will examine the investigative file in camera—as the district court did in Bulger—to ascertain whether it contains Brady material related to Buffington.  The court directs the government to deliver the file to the clerk's office by April 4, 2022.  The court will review the file in camera, and then return it to the government.


2.   Detective Buffington's testimony at any trial, pre-trial hearings, or grand jury proceeding

Next, Stottlar requests copies of Buffington's testimony at any trial, pre-trial hearings, or grand jury proceedings.  The government has already provided Stottlar with transcripts from two other federal trials (United States v. Gauthier and United

States v. Hardy).  But Stottlar's request appears to include transcripts of any court proceeding in which Buffington testified at any time pertaining to any topic.

Statements by government witnesses "in the possession of the United States which relate[] to the subject matter as to which the witness has testified" are discoverable.  18 U.S.C. § 3500(b).  As the government points out, it is not required to provide the additional transcripts Stottlar requests because (1) they are not within the government's control, (2) Stottlar has not demonstrated how they are related to the subject matter about which Buffington will testify at trial, and (3) the government does not have knowledge of all the state proceedings where Buffington has testified.

The court agrees with the government and denies Stottlar's request.  Stottlar has not shown why the government should be required to disclose any additional Buffington transcripts.

3.   <u>Unredacted statements from cooperating witnesses</u>

Third, Stottlar requests unredacted statements from cooperating witnesses.  Even though the government asserts that no cooperating witnesses will be testifying at trial, Stottlar contends that this information would go not only to the credibility of any cooperating witnesses, but also to the credibility of police witnesses.

Stottlar's request appears to be in reference to a series of events at the criminal trial of Crystal Hardy and Christopher Kelly.  A witness, J.M., testified that he heard the defendants call Stottlar to buy drugs, and then witnessed Stottlar

4

deliver the drugs.  The jury found both Hardy and Kelly guilty, but those convictions were later vacated and then dismissed with prejudice after it came to light that the interaction about which J.M. testified could not have taken place on the date he alleged, because he had been incarcerated on that date.  The court granted the government's motion to dismiss with prejudice but noted that it did not find that the government had knowingly offered perjured testimony.

Stottlar now hypothesizes that the source of the false information to which J.M. testified could have been Buffington, because Buffington participated in J.M.'s third interview, where J.M. first mentioned the drug sale.

The government asserts that it has already provided the defendant with reports relating to various individuals.  See doc. no. 78 at 7 (stating the government has provided the defendant with reports related to K.M. and J.W.); doc. no. 78-1 at 3 (stating the government has produced reports related to K.M. and J.M.).

If there are any reports that tend to show that Buffington planted Stottlar's name in J.M.'s mind, that would likely be Brady material subject to disclosure.  But absent that, Stottlar has not shown why he is entitled to any additional statements by individuals who will not be testifying at trial.  To the extent there exist reports that tend to show that Buffington planted Stottler's name in J.M.'s mind, the government must turn those over.  Otherwise Stottlar's request is denied.

4. <u>Any information affecting the potential sentence of cooperating witnesses including evidence as to the scope and history regarding their criminal activity.</u>

As the government points out, the purpose of providing a defendant with information affecting the potential sentence of a trial witness is so the defense can explore the witness's bias. Because the government is not calling any "cooperating witnesses," it is unclear what information Stottlar seeks and how it would be relevant to his trial. The court denies Stottlar's request.

## CONCLUSION

Stottlar's motion for discovery (doc. no. 77) is granted in part. The court directs the government to deliver the Strafford County Investigative File to the clerk's office by April 4, 2022. The court will review the file in camera, determine if it contains exculpatory evidence, and then return it to the government. The court denies all Stottlar's other requests. This ruling does not, however, in any way diminish the government's standard obligations under Brady v. Maryland, 373 U.S. 83 (1963); see also LR 16.1 (setting routine process of disclosing Brady material).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 30, 2022
cc: Counsel of Record.