UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                Criminal No. 20-cr-061-LM
                                                     Opinion No. 2022 DNH 071 P

<u>Jared Stottlar</u>

## **O R D E R**

The government has charged Jared Stottlar with two counts of possession with intent to distribute methamphetamine and one count of possessing a firearm in furtherance of a drug trafficking crime. Doc. no. 10. Currently before the court is Stottlar's motion for discovery requesting police reports or charging documents for various other defendants which he argues could contain exculpatory information pertinent to his case. Doc. no. 88. The government maintains that the requested materials are not discoverable under Federal Rule of Criminal Procedure 16 or <u>Brady v. Maryland</u>, yet nonetheless asks the court to review the materials in camera to determine whether they must be disclosed. For the reasons that follow, the court denies Stottlar's motion for discovery (doc. no. 88) and declines the government's request that the court review the disputed materials in camera.

## BACKGROUND

Stottlar filed an earlier motion for discovery seeking multiple categories of information. Doc. no. 77. There, he requested information relating to an internal investigation into Detective Nathaniel Buffington. The government asserted that

the investigation revealed no wrongdoing by Buffington and declined to turn over the investigative report.  Because it was unclear whether the investigation found the allegations of misconduct against Buffington to be false or merely unsubstantiated, the court reviewed the file in camera to ascertain whether it contained Brady material.  Doc. no. 80.  After in camera review, the court determined it did not contain Brady material, and denied Stottlar's request to discover the file.

In that prior discovery motion, Stottlar also requested "unredacted statements from cooperating witnesses."  Doc. no. 77.  Stottlar's request appeared to reference a series of events at the criminal trial of Crystal Hardy and Christopher Kelly.  See 1:19-cr-250-PB.  At that trial, a witness, J.M., testified that he heard the defendants call Stottlar to buy drugs and then saw Stottlar deliver the drugs.  The jury found both Hardy and Kelly guilty.  Those convictions, however, were later vacated and the charges voluntarily dismissed with prejudice by the government after it came to light that the interaction about which J.M. testified could not have taken place on the date he alleged, because he had been incarcerated on that date.  In granting the government's motion to dismiss with prejudice, the court noted that it did not find that the government had knowingly offered perjured testimony.

In his prior discovery motion, Stottlar hypothesized that the source of the false information to which J.M. testified could have been Detective Buffington, because Buffington participated in J.M.'s third interview, where J.M. first mentioned the drug sale with Stottlar.  The court denied Stottlar's discovery

request, noting that if any reports tended to show that Buffington planted Stottlar's name in J.M.'s mind, that would be Brady material subject to disclosure, but absent that, Stottlar had not shown why he was entitled to any additional statements by individuals who would not be testifying at trial.  Doc. no. 80.

Now, Stottlar moves to discover the "paperwork" of the following individuals: Randy Patron, Adam Hutches, Gary Sewell, Heather Dubeau, Dylan Miles, Chris Kelly, Chrystal Kelly, and Deborah Cross.  He asserts that his name is mentioned in the police report or charges pertaining to their cases, but that he had little to no involvement with these individuals.  Any mention of his name in their paperwork, he argues, must be based on false information.  Specifically, he alleges that "falsehoods regarding Jared Stottlar permeate police reports in the area and show a willingness, for whatever reason, of the police's willingness to present known falsehoods regarding Stottlar to witnesses and potentially courts."  Doc. no. 88.

The government declined to turn over these materials, stating that they did not fall within its disclosure obligations under Federal Rule of Criminal Procedure 16 or Brady.  The government points out that Stottlar's assertion that he had little to no involvement with these individuals is belied by his own statements to law enforcement where he identified some of these individuals as methamphetamine customers or sources of supply.  Nonetheless, the government asks the court to review the reports in camera to determine whether they must be turned over.

**DISCUSSION**

When a defendant seeks access to specific materials that the government maintains are not discoverable under Brady, a court may in some instances conduct in camera review of the disputed materials. United States v. Prochilo, 629 F.3d 264, 268 (1st Cir. 2011). "To justify such a review, the defendant must make some showing that the materials in question could contain favorable, material evidence." Id. "This showing cannot consist of mere speculation." Id. "Rather, the defendant should be able to articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material." Id.

For example, in United States v. Prochilo, the defendant requested various detailed categories of information relating to a cooperating witness, arguing that the materials would support his claim that the witness had set him up. Id. at 267. The government argued that the defendant had failed to provide any plausible indication that the materials sought would contain Brady material. Id. at 268. On appeal, the First Circuit sided with the government, holding that the defendant's theory was merely speculative and did not warrant in camera review. Id. at 269. Compare United States v. Rosario-Peralta, 175 F.3d 48, 55 (1st Cir. 1999) (defendant made an adequate showing to require in camera review).

Similar to Prochilo, Stottlar's request is based on mere speculation, and he has not made the required showing to warrant in camera review, much less disclosure directly to him. Stottlar argues that "[t]here have been lies circulated by

4

the police department regarding Jared Stottlar." Doc. no. 88 at 3. Yet as the government points out, Stottlar himself referenced his drug buyer/seller relationship to several of the named individuals, so Stottlar's mention in those police reports or charging documents amounts to no more than speculation that Stottlar's name was planted. See Prochilo, 629 F.3d at 268 ("This showing cannot consist of mere speculation.").

Finally, the court notes that here, unlike in Prochilo, it is the government, not the defendant, who requests in camera review. The government maintains that the documents are not exculpatory under Brady. Doc. no. 89 at 5. Absent a non-speculative showing by the defendant that the documents could contain Brady material, the court need not examine the documents in camera. Courts tend to be reluctant to undertake pretrial review of Brady requests because:

> (1) a judge ordinarily is less oriented to the facts of the case and possible defenses than are the attorneys; (2) requiring a judge to review prosecution files for information useful to the defense places the judge in a defense advocate's role; (3) prosecution files may contain prejudicial or inflammatory material that might impair judicial impartiality; and (4) in camera inspection can impose an intolerable burden on already taxed judicial resources.

LaFave, 6 Crim. Proc. § 24.3(b) (4th ed.) (internal quotations omitted). Indeed, as Stottlar's theory that the documents contain Brady material is speculative at best, the court is unlikely to be sufficiently "oriented to the facts of the case" and possible defenses to make an informed finding after in camera review. See id. For those reasons, the court declines to upset the standard rule that the government has the "primary authority to assess whether material in the government's possession must

be disclosed." See Prochilo, 629 F.3d at 269-70 (stating that when the government "maintains that it has turned over all material impeachment evidence, speculation is insufficient to permit even an in camera review of the requested materials").

## CONCLUSION

The court denies Stottlar's motion for discovery (doc. no. 88), and declines the government's request that the court review the disputed materials in camera.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 9, 2022

cc:     Counsel of Record.